TOWN OF DECATUR *v.* BROGAN.

(Division B. Jan. 30, 1939.)

[185 So. 809. No. 33545.]

**R. H. Day** and **Stone & Stone,** all of Decatur, for appellant.

**W. M. Hutto,** of Waynesboro, for appellee.

McGehee, J., delivered the opinion of the court.

On May 1, 1929, the town of Decatur issued a series of bonds, aggregating the sum of $20,000, for the purpose of constructing a waterworks system under the authority of the statutes contained in the Code chapter on municipalities, section 2369 et seq., including, among others, Chapter 206 of the Laws of 1920. On May 25th, the town authorities ordered that proceedings be instituted to validate the bonds. Accordingly the matter of the bond issue proceedings were submitted to the state bond attorney for his opinion as to their validity. His opinion approving their validity was dated at Jackson, Mississippi, on May 27th. The proof of the publication of the notice to the taxpayers is dated on June 7th, and states that the notice thereto attached was published in the issue of a local newspaper of June 6th, and such notice fixes June 12th as the date for the hearing of the validating proceedings before the chancellor. The proof was not marked "filed" by the chancery clerk until July 31st, but the decree of the chancellor recites that the notice had been legally given and published as required by law, and that it required objections to be filed to the validation of the bonds "by this time and that none have been filed." The decree of validation further recites that "the

transcript shows that all of the proceedings of the board in the matter of the issuance of said bonds were in strict accordance with the Constitution and laws of the state of Mississippi, . . . and pursuant to lawful resolutions, ordinances and proceedings of the board.'' The decree also recites the fact that the bonds were ordered issued at the April 1929 meeting of the mayor and aldermen; and that at a legal special meeting of the board held May 25 they were ordered validated.

The validation decree however appears on its face to have been dated and signed by the chancellor on May 12, in advance of the date the bonds were ordered validated, and of the date of the state bond attorney's opinion, and of the date set for hearing in the notice published to the taxpayers. It is therefore manifest that the decree was actually signed on June 12th, at the county courthouse at Newton, where it was marked filed as of that date. The law provides that the decree of validation is to be prepared by the state bond attorney, and the date given it was evidently a typographical error. It makes reference to the state bond attorney's opinion which was not dated until May 27th, as hereinbefore stated.

Appellee, being the purchaser and owner of two of the bonds in question for the sum of $1,000 each, the payments of which were in default and had been refused, brought suit to recover the amount of the bonds with accrued interest. The town filed with its plea of the general issue two special pleas, alleging in the first plea that no order or resolution had been spread upon the minutes of the board declaring an intention to issue the bonds, and that no notice to the taxpayers had been given prior to the issuance thereof, as required by Section 2 of Chapter 206 of the Laws of 1920, and in the second plea, that the decree of validation was void on the ground that the decree appears to have been dated and signed prior to the rendition of the opinion of the state bond attorney and the publication of the notice to the taxpayers of the hearing on the validation proceedings. The

decree of validation, opinion of the state bond attorney and proof of notice to the taxpayers, showing the facts heretofore stated, were made an exhibit to the second plea. Demurrers were sustained to both pleas, and appellant declined to plead further. Judgment was rendered by the jury on proof of the indebtedness sued for, and from which this appeal is taken.

The decree of validation recites all of the necessary jurisdictional facts, and we do not think that the fact that it erroneously bears date of May 12th instead of June 12th, evidently due to a typographical error, shows that the notice to the taxpayers in that proceeding was not published as required by law prior to the hearing before the chancellor.

No appeal was taken from the decree validating the bonds. Section 314 of the Code of 1930, governing this case, reads as follows: "If the chancellor shall enter a decree confirming and validating said bonds and there shall be no appeal by either party from said decree, or if on appeal the Supreme Court enters its decree confirming and validating said bonds, or other written obligations, the validity of said bonds, or other written obligations so issued shall be forever conclusive against the county, municipality or district issuing same, and the validity of said bonds, or other written obligations, shall never be called in question in any court in this state." After a decree of validation, this statute forecloses all objections that could have been urged before the chancellor at the hearing of the proceedings as to the validity of the bonds, where he had jurisdiction of the subject matter and the parties, including the objection that no notice was given to the taxpayers in regard to the board's intention to issue the same. Moreover, the decree cannot be collaterally attacked. Instead of appearing to be void on its face, it adjudicates all of the facts necessary to show its validity, and was rendered by a court of competent jurisdiction.

Also, the questions here raised must be decided ad-

versely to appellant under the authority of the case of Parker v. Board of Supervisors of Grenada County, 125 Miss. 617, 88 So. 172.

Affirmed.